```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

RANDALL W. SYLER,            )
                             )
        Plaintiff,       )
                             )
   v.                        )     No.  12 C 1408
                             )
COUNTY OF WILL, et al.,      )
                             )
        Defendants.      )

## MEMORANDUM ORDER

All of the defendants in this 42 U.S.C. §1983 ("Section 1983") action brought against them by Randall Syler ("Syler") have filed their corrected Answer and Affirmative Defenses ("ADs") to Syler's Second Amended Complaint ("SAC"). This memorandum order is issued sua sponte to deal with two aspects of that responsive pleading--a minor one that requires an amendment to the Answer and a major issue posed by defendants' detailed first AD that requires a response by Syler.

As for the minor item, Answer ¶10 fails to comply with Fed. R. Civ. P. 8(b)(1)(B) by failing to respond to the allegations in SAC ¶10, stating instead that the document referred to there "speaks for itself." That is unacceptable--see App'x ¶3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly Answer ¶10 must be suitably amended on or before December 19, 2012.[1]

---

[1] That amendment can take the form of a one-paragraph pleading, rather than dealing with the response more extensively.

As for the major issue, AD 1 sets out a detailed 18-paragraph contention that Syler has failed to comply with the mandate of 42 U.S.C. §1997e(a), which establishes a prisoner's exhaustion of administrative remedies as a precondition to any Section 1983 action that relates to prison conditions. According to the AD, the grievance advanced by Syler at the Will County Adult Detention Facility did not satisfy that precondition. And because that poses a threshold issue in this litigation, Syler's counsel is ordered to file a response to that AD on or before December 21, 2012, and this Court will then determine what further proceedings may be called for in that respect.[2]

_____
  Milton I. Shadur
  Senior United States District Judge

Date: December 10, 2012

---

[2] AD 2 advances a qualified immunity defense on behalf of three of the individual defendants, but that issue that does not call for consideration at the outset of the case.