# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RANDALL W. SYLER**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12 C 1408 |
| **THE COUNTY OF WILL**, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On February 28, 2012 Randall Syler ("Syler") filed a detailed pro se 42 U.S.C § 1983[1] Complaint and exhibits, coupled with an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), in which he charged a violation of his constitutional right to be free from cruel and unusual punishment while he was an inmate at the Will County Jail[2] -- in substantive terms, an assertedly gross failure to deal properly with injuries he had suffered in an August 30, 2010 fall from an elevated bunk in his jail cell. Two days later this Court issued a brief memorandum order reflecting (1) its initial screening of the Complaint called for by 28 U.S.C. § 1915A(a), (2) its determination that Syler had stated a viable claim in those terms, (3) its granting of the Application under the terms called for by 28 U.S.C. § 1915 and (4) its appointment of a member of the trial bar to represent Syler pro bono publico.

This opinion skips over, as not relevant for current purposes, the intermediate steps in the

---

[1] All further references to that and other provisions of Title 42 will simply take the form "Section --," omitting the prefatory citation to "42 U.S.C."

[2] Syler's claim drew on the extensive jurisprudence having its origin in Estelle v. Gamble, 429 U.S. 97, 104 (1976), as extended by the caselaw to pretrial detainees.

litigation that have most recently eventuated in the Second Amended Complaint ("SAC") as prepared by Syler's able appointed counsel. What *is* relevant is that the exhibits attached to the SAC (which Syler had also submitted as exhibits to his original Complaint) bring into play what Congress has decreed is a threshold issue that must be dealt with at the outset of any lawsuit of the nature brought by Syler. Here is Section 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In that respect the SAC, like the original Complaint, was accompanied by a copy of Syler's September 22, 2010 grievance (prepared on Inmate Request Form 22), in which his only complaint was that "I was charged to see the doctor which I shouldn't have been because it was an emergency and had surgery on my left testicle." When that was responded to within a week by a statement that "the charges had nothing to do with emergency or surgery," Syler waited something over a month before filing his second Inmate Request Form 22, which he designated as his "second appeal" and in which he complained once again only as to having been charged $10 to see the doctor. That second grievance ended this way:

> I would like a refund of my $10.00. Thank you.

That triggered a prompt response that honored his request for a refund.

In short, not a word was said in either of Syler's administrative grievances about the claimed inadequacy of the care and treatment that he received, which is the entire gravamen of his constitutional claims under Section 1983 (SAC Count I charges a failure to provide medical

care actionable under Section 1983, while Count II advances a related <u>Monell</u> claim.).[3]  Nine months passed before Syler took any other action, at that point sending an August 8, 2011 letter that inquired as to the status of his grievance and spoke for the first time of asserted "cruel and unusual punishment."

Under those circumstances it comes as no surprise that an important part of the response to the SAC filed by all of the non-medical state actor defendants was a highly detailed Affirmative Defense No. 1 that asserted Syler's failure to have exhausted administrative remedies.  Although Fed. R. Civ. P. 7(a)(7) calls for a reply to an answer only if the court orders one (in practice a comparative rarity), that was clearly called for here.  This Court so orderd on December 10, and on December 13 Syler's appointed counsel provided such a reply.  That reply really does not challenge Syler's noncompliance with the statutory requirement described in this opinion -- nor, because Syler's deficiencies are irrefutably confirmed by his own documentation, is any evidentiary hearing required to resolve the issue.

In sum, just as the alchemists of the Middle Ages could not succeed in their quest to transmute base metal into gold, Syler cannot in belated hindsight transmute a claim that was expressly limited to a $10 cash refund into the claimed exhaustion of whatever any administrative remedies might have provided in response to a grievance claiming an Eighth-Amendment-type constitutional violation.  Hence because Syler has not met the precondition prescribed by Section 1997e(a), this action is dismissed -- Counts I and II with

---

[3] All other counts in the SAC are state law counts:  Count III asserts a state law medical malpractice claim; Count IV asserts a state law indemnification claim against the County of Will; and Count V asserts a like indemnification claim against the Will County Sheriff.

prejudice and the remaining counts without prejudice as to their possible assertion in a state court of competent jurisdiction.[4]

_____
Milton I. Shadur
Senior United States District Judge

Date: January 8, 2013

---

[4] No view is expressed here as to the viability vel non of those state law contentions.