```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

RANDALL W. SYLER,               )
                                )
          Plaintiff,            )
                                )
     v.                         )    No.  12 C 1408
                                )
COUNTY OF WILL, et al.,         )
                                )
          Defendants.           )
```

                    MEMORANDUM OPINION AND ORDER

After this Court issued its January 8, 2013 memorandum opinion and order ("Opinion") dismissing the 42 U.S.C. §1983[1] Complaint in which Randall Syler ("Syler") charged a violation of his constitutional right to be free from cruel and unusual punishment while he was an inmate at the Will County Jail ("Jail"), Syler's able appointed counsel (who had filed a Second Amended Complaint ["SAC"] on his behalf) filed a motion to reconsider that ruling. Their motion was substantially predicated on a perceived reversal of position on the part of this Court, which had initially issued a brief sua sponte memorandum order--just two days after Syler filed his original Complaint--that, after the initial screening called for by 28 U.S.C. §1915A(a), viewed Syler as having stated a viable claim.

Apologies are due to counsel (and to Syler, of course) for this Court's failure to explain fully why the Opinion adopted a

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

totally different stance from the threshold (and surface) view that it had earlier expressed.  That turnaround stemmed from the further development of the facts bearing on the question of Syler's compliance--or more accurately noncompliance--with the Section 1997e(a) precondition to any Section 1983 action:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Prisoner cases under Section 1983 are no different from other civil cases in that their allegations must satisfy the Twombly-Iqbal requirement of "plausibility."  Here Syler's version, under which he claims to have lodged a grievance that presaged his Complaint, falls critically--and fatally--short of that requirement.  This further opinion will explain why that is so.

As the Opinion reflects, the only grievances of which the Jail had any record were Syler's September 22, 2010 complaint that he had been charged $10 for seeing the doctor and his November 3, 2010 follow-up repeating that complaint. Although Syler claims in his lawsuit--which it will be remembered was filed on February 28, 2012, nearly 1-1/2 years later--that he had also had filed a September 10, 2010 grievance complaining of what he charges was constitutionally violative surgery and related medical treatment, that claim is more than suspect:

2

1. As already stated, the Jail has no record of that purported grievance. This Court of course recognizes that administrative systems do not always work perfectly, so that the possibility that Syler filed the grievance but that it was then lost or misplaced may well be considered. If that alone had been the difficulty with Syler's position, this Court would not have ruled as it did. But as the following added facts demonstrate, there is more--a good deal more.

2. As defendants' December 7, 2012 Affirmative Defense No. 1 (dealing with the exhaustion-of-administrative-remedies issue) explains, the Jail's grievance forms (freely available, of course, to detainees there) are in triplicate--a white, a yellow copy and a pink copy. When the form is completed the detainee must submit the white and yellow copies and retain the pink copy.[2] But the much-later-purported grievance that Syler tendered in February 2012 as an exhibit to his Complaint was on <u>yellow</u> paper--and Syler's only response to that patent discrepancy is to assert a disclaimer of the type permitted by Fed. R. Civ. P. 8(b)(5) to get the benefit of a deemed denial to a plaintiff's allegations when a defendant can't deny them.

---

[2] Those things are stated expressly in the Instructions--set out entirely in capital letters--at the very beginning of the grievance form (see the attached photocopy of Syler's November 3, 2010 grievance).

3. But the final nail in the coffin that inters Syler's possible claim to credibility--to Twombly-Iqbal plausibility--is the content of Syler's acknowledged November 3, 2010 grievance form, which he designated as his "second appeal." Remember that under Syler's version of events he had earlier filed two grievances to which he had received no response: both (1) his supposed more serious complaint of September 10, 2010 that has ultimately become the gravamen of his lawsuit here and (2) his actual September 22, 2010 grievance form that complained about the $10 he had been charged to see the doctor. Yet Syler's November 3, 2010 "second appeal" said nothing about the first and more serious matter, but simply reiterated the $10 refund request.

It is an understatement, then, to say that Syler's account of the supposed grievance that could fill the bill for Section 1997e(a) purposes strains credulity. By any objective measure it is totally implausible--it must be viewed as bogus. In sum, the motion for reconsideration is granted, but the order that dismissed this action (as reflected in the final sentence of the Opinion) is reconfirmed.

                                                   _____
                                                   Milton I. Shadur
                                                 Senior United States District Judge

Date: January 24, 2013

WILL COUNTY ADULT DETENTION FACILITY
INMATE REQUEST FORM 22

NAME: Syler Randall W
(Last, First, M.I.)   CIMIS: 2009-7656   DATE: 11-3-10   POD: A0-5   CELL: 5

***INSTRUCTIONS***
(1) PRINT ALL INFORMATION
(2) PROVIDE AS MUCH INFORMATION AS POSSIBLE, FILL OUT THE NARRATIVE SECTION
(3) CHECK THE ( ) ITEM YOU ARE REQUESTING FOR INFORMATION
(4) FILL OUT **ONLY ONE (1) REQUEST** PER FORM
(5) SUBMIT THE WHITE AND YELLOW COPY OF THE REQUEST FORM, KEEP THE PINK COPY

( ) CLASSIFICATION SECTION
  ( ) REQUEST FOR TENDER STATUS
  ( ) REQUEST FOR RECLASSIFICATION
  ( ) REQUEST TO SEE CLASSIFICATION OFFICER
    ( ) PROBLEMS WITH OTHER INMATES
  ( ) APPEAL OF DISCIPLINARY BOARD HEARING
( ) ADMINISTRATIVE SECTION
  ( ) REQUEST FOR INFORMATION
    ( ) COURT DATE ( ) WRITS ( ) HOLDS ( ) MAIL ( ) TRUST ACCOUNT
    ( ) VISITING LIST CHANGE ( ) REQUEST SPECIAL VISIT
( ) LAUNDRY
( ) PROPERTY
( ) FOOD SERVICE SECTION
( ) COMMISSARY SECTION
(X) COMPLAINT ABOUT TREATMENT / GRIEVANCES
(X) APPEAL OF GRIEVANCE
( ) REQUEST TO GO TO LAW LIBRARY
( ) OTHER

Forward to Director FINK 11/8/10
NOV 05 REC'D
NOV 10 REC'D

Appeal # 2010-859

AREA BELOW NARRATIVE FOR ABOVE REQUEST - USE SPACE BELOW AND ATTACH PAPER IF NECESSARY:

Appeal # 2010-859 This is my second appeal I filed one on 10-13-10 and hadn't heard back from it. I said this: It is taken two weeks to appeal this because I had no rule book and couldn't get one until now. I was charged $10.00 to see the doctor and on my grievance I got back I was charged but nothing to do with emergency of surgery. But on page 30 in the W.C.A.D.F. late book it says there is no charge for Medical Emergencies. Now I don't know what they consider emergency but I was at the hospital within 30 mins after I finally got to see the doctor and had surgery. I would like a refund of my $10.00 Thank You

INMATES SIGNATURE: [signature]
CIMIS NUMBER: 2009-0007656

***STAFF RESPONSE***

$10.00 Co-Pay HAS BEEN REIMBURSED TO YOU. YOUR DOCTOR VISIT WAS INDEED A SITUATION THAT RESULTED IN YOU BEING SENT TO THE EMERGENCY ROOM

POD OFFICER/ STAFF SIGNATURE: [signature]
SERGEANT/ AREA SUPERVISOR SIGNATURE: [signature]   #: 210 DATE: 11/4/10
LIEUTENANT/ WATCH COMMANDER SIGNATURE:   #:   DATE:
WARDEN/ DEPUTY CHIEF SIGNATURE: [signature]   #: 198 DATE: 11-09-10
WHITE—SEND TO CLASSIFICATION  YELLOW—RETURN TO INMATE  PINK—INMATE RETAINS AFTER FILLING OUT   REV 7/00