IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RANDALL W. SYLER,                )
                                 )
        Plaintiff,                )
                                 )
   v.                            )   No.  12 C 1408
                                 )   USCA No. 13-1593
COUNTY OF WILL, et al.,          )
                                 )
        Defendants.               )

MEMORANDUM ORDER

This Court has issued a whole series of opinions in this 42 U.S.C. §1983 ("Section 1983") action brought by Randall Syler ("Syler"), beginning with its threshold determination that Syler's pro se Complaint appeared viable on its face (a determination that, in accordance with this Court's usual procedure, carried with it the appointment of pro bono counsel to represent Syler), but ultimately ending with a dismissal of the action because factual submissions had shown that Syler had failed to exhaust all available administrative remedies--a fatal defect under 42 U.S.C. §1997e(a).  When Syler then sought to take an appeal from that dismissal, this Court issued its most recent memorandum order ("Order") on April 26 of this year, denying in forma pauperis ("IFP") status for Syler on appeal because such a dismissal was mandated by 28 U.S.C. §1915(a)(3).

Now the Clerk's Office has delivered to this Court's chambers a photocopy of a self-prepared handprinted filing by Syler, captioned "Motion for Relief from Judgement [sic]."  In

that filing Syler seeks to invoke Fed. R. Civ. P. ("Rule") 60(a) because, he says, this Court never stated that an appeal from the dismissal "would not be taken in good faith," nor did this Court state that Syler was not certified to pursue an appeal in forma pauperis. Both of those assertions are dead wrong, for both subjects were expressly dealt with in this Court's most recent memorandum order, issued post-appeal to address Syler's effort to appeal IFP.

Thus Order at 1 referred to this Court's earlier January 24, 2013 memorandum opinion and order, which (as the Order put it) "determined that Syler's claim in that respect[1] was bogus--that he had fabricated evidence to mask his nonexhaustion of the grievance that formed the gravamen of his lawsuit." Then Order at 2 went on to say (1) "that Syler clearly flunked the nonfrivolousness requirement" and (2) that 28 U.S.C. §1915A(b) had therefore called for dismissal of Syler's action at this District Court level, so that (as the Order put it) this Court ultimately "certifie[d] that Syler's attempted appeal cannot be taken IFP because such nonfrivolousness equates to an absence of good faith under <u>Lee v. Clinton</u>."

---

[1] [Footnote by this Court] That reference was to Syler's failure to have exhausted available administrative remedies, which 42 U.S.C. §1997e(a) established as a precondition to any "prison conditions" lawsuit by a prisoner.

In sum, Syler's current motion is totally without merit. It is denied.

‎                                    _____
‎                                    Milton I. Shadur
‎                                    Senior United States District Judge

Date:  May 16, 2013