IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RANDALL W. SYLER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12 C 1408 |
| | ) | (USCA No. 13-1593) |
| **COUNTY OF WILL**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM ORDER**

Pro se plaintiff Randall Syler ("Syler"), whose appeal from this Court's order of dismissal is pending before our Court of Appeals, has recently filed a "Motion To Supplement the Record on Appeal." Earlier this week five of the eight defendants targeted by Syler's complaint filed a response (the "Response") in opposition to Syler's motion. This memorandum order is issued in light of the matters raised by the Response.

That Response correctly points out that the documents to which Syler's motion refers were never presented to this Court, either when it entered its order of dismissal in conjunction with Syler's Second Amended Complaint or earlier when he tendered any of his previous filings in this District Court. By definition, then, Syler is seeking "to add materials to the record on appeal which were not before the district court" (United States v. Elizalde-Adame, 262 F. 3d 637, 640 (7th Cir. 2001)), which that case and other caselaw have consistently held to be outside the proper province of Fed. R. App. P. 10(e).

Accordingly it would appear that Syler's pro se motion should be denied. But because he has not had the opportunity to provide any input in reply to defendants' January 14, 2014

Response, this Court will grant him the opportunity to do so by a submission on or before January 28, 2014.[1]

                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: January 17, 2014

---

[1] To make certain that any such submission comes directly to this Court's attention (something that does not take place automatically under Clerk's Office procedures where only an original document is received), Syler should tender to the Clerk's Office a Judge's Copy as well as the original of any submission that he does make.