**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **RANDALL W. SYLER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12 C 1408 |
| | ) (USCA No. 13-1593) |
| **COUNTY OF WILL**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Although this Court has issued a host of opinions in connection with this action brought by pro se plaintiff Randall Syler ("Syler"),[1] there is no need to review the bidding in those respects. Instead the issue now before this Court is whether Syler, whose case was ultimately dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), is entitled to supplement the record on appeal with documents never presented to this Court.

In that respect this Court's January 17, 2014 memorandum order ("Order") stated, on the basis of uniform caselaw from our Court of Appeals that rejects such efforts (see, e.g., United States v. Elizalde-Adame, 262 F. 3d 637, 640 (7th Cir. 2001)), that such cases appear to call for the denial of Syler's pro se motion. Nonetheless the January 17 Order concluded in this fashion:

> But because he has not had the opportunity to provide any input in reply to defendants' January 14, 2014 Response, this Court will grant him the opportunity to do so by a submission on or before January 28, 2014.

On February 3 this Court received the chambers copy of Syler's "Reply to Defendants Response," which was accompanied by a certificate that entitled him to a January 30 filing date

---

[1] Based on this Court's threshold review of Syler's Complaint, it provided him with pro bono representation by counsel drawn from this District Court's trial bar. At a later point, however, Syler and his counsel parted company, and he has been proceeding pro se since then.

under the well-known "mailbox rule."[2] That filing does not appear to take Syler's case outside of the consistent caselaw holdings exemplified by Elizalde-Adame -- or at least if those consistent holdings are to be overridden by a court-created exception, it would be for the Court of Appeals and not for a District Court ruling to do so. Accordingly this Court denies Syler's motion, without prejudice of course to his opportunity to present the issue to the Court of Appeals for its ultimate resolution.

                                                    *[signature]*
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: February 10, 2014

---

[2] Needless to say, given the short timetable involved and Syler's pro se status, this Court is treating his submission as a timely filed.