# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RANDALL W. SYLER, )
)
      Plaintiff, )
)
v. ) Case No. 12 C 1408
) (USCA No. 13-1593)
COUNTY OF WILL, et al., )
)
      Defendants. )

## MEMORANDUM ORDER

      This Court's January 8, 2013 memorandum opinion and order dismissed the putative 42 U.S.C. § 1983 ("Section 1983") Complaint and action brought by Will County Jail inmate Randall Syler ("Syler"), based on what this Court had found was a violation of his obligation to exhaust available administrative remedies -- a statutory precondition to his filing suit (see 42 U.S.C. § 1997e(a)). Syler appealed that ruling to our Court of Appeals, which has now issued a May 7 unpublished order vacating the judgment of dismissal and remanding the case for further proceedings.

      This Court is of course well aware of the principles announced in Pavey v. Conley, 663 F. 3d 899 (7th Cir. 2011) and has regularly followed that case's dictates by conducting Pavey hearings where there is a factual dispute over the issue of exhaustion. But in this instance it viewed Syler's case as an extraordinary one in which his own conduct negated his purported response, after the exhaustion precondition to suit had been raised, in which he produced a supposed grievance form that lacked any indicia of its having been filed.[1] However, this Court

---

[1] Blank grievance forms are of course readily available to inmates for their use, so that the fabrication of a bogus filing is readily accomplished.

of course respects our Court of Appeals' directive as definitive and will (also of course) honor that directive.

That said, it would trouble this Court greatly if the result of a <u>Pavey</u> hearing were to produce the same conclusion that this Court originally reached and if Syler might mistakenly view that renewed conclusion as a matter of "don't bother me with the facts -- my mind is made up." Accordingly this Court exercises its prerogative under 28 U.S.C. § 294(b) to recuse itself in this matter, so that a fresh set of judicial eyes and ears can evaluate the matter after conducting the required <u>Pavey</u> hearing.

                                                       _____
                                                       Milton I. Shadur
                                                       Senior United States District Judge

Date: May 8, 2014